UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| SUSAN M. STACHNIK, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:17-cv-22 |
| | ) | |
| v. | ) | Honorable Robert J. Jonker |
| | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## **REPORT AND RECOMMENDATION**

This is a social security action brought under 42 U.S.C. §§ 405(g), 1383(c)(3), seeking review of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to disability insurance benefits (DIB) and supplemental security income (SSI) benefits.  On November 5 and 6, 2013, plaintiff filed her applications for DIB and SSI benefits.  She alleged a January 2, 2013, onset of disability.  (ECF No. 7-5, PageID.225-31, 234-40).  Plaintiff's claims were denied on initial review.  (ECF No. 7-4, PageID.168-75).  On September 16, 2015, she received a hearing before an ALJ.  (ECF No. 7-2, PageID.72-121).  On November 10, 2015, the ALJ issued his decision finding that plaintiff was not disabled.  (Op., ECF No. 7-2, PageID.53-65).  On November 4, 2016, the Appeals Council denied review (ECF No. 7-2, PageID.40-43), and the ALJ's decision became the Commissioner's final decision.

Plaintiff timely filed a complaint seeking judicial review of the Commissioner's decision.  Plaintiff argues that the Commissioner's decision should be overturned on

the following grounds:

> I.    The ALJ's factual finding regarding plaintiff's RFC is not supported by substantial evidence.
>
> II.   The ALJ failed to properly assess the factors listed in 20 C.F.R. § 404.1529(c)(3).

(Plf. Brief at 1, ECF No. 11, PageID.754).  I recommend that the Commissioner's decision be affirmed.

## Standard of Review

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law.  *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).  Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007).  The scope of the court's review is limited.  *Buxton*, 246 F.3d at 772.  The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations.  *See Ulman v. Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997).  "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]"  42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006).  "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a

different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Gayheart v. Commissioner*, 710 F.3d 365, 374 (6th Cir. 2013) ("A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would have supported the opposite conclusion."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Kyle v. Commissioner*, 609 F.3d 847, 854 (6th Cir. 2010).

### The ALJ's Decision

The ALJ found that plaintiff met the disability insured requirements of the Social Security Act through September 30, 2018. (Op. at 3, ECF No. 7-2, PageID.55). Plaintiff had not engaged in substantial gainful activity on or after January 2, 2013, the alleged onset date. (*Id.*). Plaintiff had the following severe impairments: degenerative disc disease (cervical and lumbar), herniated discs, migraines, depression and anxiety. (*Id.*). Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of a listing impairment. (*Id.* at 4, PageID.56). The ALJ found that plaintiff retained the residual functional capacity

(RFC) for a limited range of light work with the following limitations:

> She could lift and carry on occasion 20 pounds and lift and carry frequently 10 pounds. She could sit for 6 hours in an 8-hour day and stand and/or walk for 6 hours in an 8-hour day. She would be limited to frequent use of hand controls bilaterally. She could frequently climb ramps or stairs, but not climb ladders, ropes or scaffolds. She can frequently balance, occasionally stoop, and occasionally crouch. She cannot kneel or crawl. She could only be exposed to moderate noise levels. She would be limited to occasional reaching bilaterally; occasional reaching overhead bilaterally; occasional bilateral gross manipulation; and occasional bilateral fingering of objects. She would be limited to jobs involving simple, routine tasks that could be learned after a short demonstration or within 30 days.

(Op. at 6, PageID.58). The ALJ found that plaintiff's testimony regarding her subjective limitations was not fully credible. (*Id.* at 6-11, PageID.58-63). Plaintiff could not perform any past relevant work. (*Id.* at 11, PageID.63).

The ALJ considered the testimony of a vocational expert (VE). In response to a hypothetical question regarding a person of plaintiff's age with her RFC, education, and work experience, the VE testified that there were approximately 112,000 jobs in the national economy that the hypothetical person would be capable of performing. (ECF No.7-2, PageID.107-12). The ALJ found that this constituted a significant number of jobs and found that plaintiff was not disabled. (Op. at 11-13, PageID.63-65).

## Discussion

### 1.

Plaintiff argues that the ALJ's factual finding regarding her RFC is not supported by substantial evidence. (Plf. Brief at 8-14, ECF No. 11, PageID.761-67; Reply Brief at 1-4, ECF No. 15, PageID.802-05).

RFC is an administrative finding of fact reserved to the Commissioner. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); *see Deaton v. Commissioner*, 315 F. App'x 595, 598 (6th Cir. 2009).  While the RFC determination is made by the ALJ, an ALJ's RFC determination must be supported by substantial evidence.  *Torres v. Commissioner*, 490 F. App'x 748, 754 (6th Cir. 2012).  If the record contains "conflicting evidence that would suggest further limitations, under the substantial evidence standard, administrative findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion."  *Id.*

A.    Physical Impairments

Plaintiff argues that the ALJ failed to build an accurate and logical bridge in assessing plaintiff's physical impairments.  She asserts that the ALJ erred in failing to include a discussion of additional treatment notes, to include a proper assessment of radiographic evidence, to consider evidence of epidural scarring, and to properly assess the record regarding her chronic pain.  Plaintiff argues that, absent these errors, the ALJ would have found a more restrictive RFC.  (Plf. Brief at 8-12, ECF No. 11, PageID.761-65).

The ALJ is not required to discuss every piece of evidence in the administrative record.  *See Kornecky v. Commissioner*, 167 F. App'x. 496, 508 (6th Cir. 2006). Arguments that the ALJ mischaracterized or "cherry picked" the administrative record are frequently made and seldom successful, because "the same process can be described more neutrally as weighing the evidence."  *White v. Commissioner*, 572 F.3d 272, 284 (6th Cir. 2009).  The narrow scope of judicial review of the Commissioner's

final administrative decision does not include re-weighing evidence. *See Ulman v. Commissioner*, 693 F.3d at 713(6th Cir. 2012); *see also Reynolds v. Commissioner*, 424 F. App'x 411, 414 (6th Cir. 2011) ("This court reviews the entire administrative record, but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ."). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton*, 246 F.3d at 772.

The ALJ's decision provides an accurate summary of the administrative record. Among other things, the ALJ found that the opinions of plaintiff's treating nurse practitioner that plaintiff was capable of performing a limited range of light work (ECF No. 7-9, Page ID.693-98) were entitled to "significant weight." (Op. at 10,  ECF No. 7-2, PageID.62).

Although the ALJ "largely adopted" the functional restrictions suggested by Nurse Practitioner Rasmussen (Op. at 10, ECF No. 7-2, PageID.62), her opinions are not mentioned anywhere in plaintiff's initial brief. (ECF No. 11).  Plaintiff's belated criticisms (*See* ECF No. 15 at PageID.802-03) do not undermine the ALJ's factual finding regarding her RFC.

Plaintiff's burden on appeal is much higher than citing evidence on which the ALJ could have found a greater level of restriction.  She must show that the ALJ's factual finding is not supported by substantial evidence.  *See Jones*, 336 F.3d at 477 ("[T]he Commissioner's decision cannot be overturned if substantial evidence, or even

a preponderance of the evidence, supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ."). Plaintiff has not shown error here.

### B.   Mental Impairments

Plaintiff argues that the ALJ failed to properly assess the limitations resulting from her mental impairments. (Plf. Brief at 12-14, ECF No.11, PageID.765-67).

The ALJ found that plaintiff retained the RFC to perform unskilled work involving simple, routine tasks that could be performed after a short demonstration or within thirty days. The ALJ noted that the record established that plaintiff has anxiety and depression. There was no evidence, however, that plaintiff had required any psychiatric hospitalization. (Op. at 9, ECF No. 7-2, PageID.61). There was minimal evidence that plaintiff received outpatient counseling or therapy during the time period at issue. Further, the record suggested that psychiatric medication was relatively effective in controlling her symptoms. Health care providers' findings were generally unremarkable. (*Id.*). Plaintiff's mood was good or appropriate, her insight was good, and her affect was appropriate. "The evidence of record d[id] not suggest or establish that the claimant lack[ed] suitable concentration, memory, adaptive, basic cognitive, or interpersonal skills, for vocational involvement that [was] simple and routine in nature, as depicted in the residual functional capacity adopted." (*Id.*).

Plaintiff invokes a single case from outside the Sixth Circuit in support of an argument that the ALJ's restriction of plaintiff to unskilled work failed to adequately take into account her moderate restriction in concentration, persistence or pace. (Plf.

Brief at 13, ECF No. 11, PageID.766).  "Case law in this Circuit does not support a rule that a hypothetical providing for simple, unskilled work is *per se* insufficient to convey moderate limitations in concentration, persistence and pace."  *Kepke v. Commissioner*, 636 F. App'x 625, 635 (6th Cir. 2016); *see Smith-Johnson v. Commissioner*, 579 F. App'x 426, 436-37 (6th Cir. 2014) (The "limitation to simple, routine, and repetitive tasks adequately conveys Smith-Johnson's moderately-limited ability 'to maintain attention and concentration for extended periods.' ").  Plaintiff has not demonstrated "that her limitations were not properly presented to the VE for consideration."  *Kepke*, 636 F. App'x at 635; *see also Hycoop v. Commissioner*, No. 1:15-cv-795, 2016 WL 4500794, at *3 (W.D. Mich. Aug. 29, 2016) ("[T]he ALJ found that Plaintiff had only moderate limitations with regard to concentration, persistence or pace" and "[s]uch limitations could be accommodated by performing 'simple, routine work.' ").

> Plaintiff's argument with regard to the weight that the ALJ gave to the opinion of state agency Psychologist Joe DeLoach is puzzling.  Dr. DeLoach reviewed the records available as of February 4, 2014, and offered his opinion that plaintiff did not have any severe mental impairment.

(ECF No. 7-3, PageID.144, 158).  The ALJ gave "little weight" to Dr. DeLoach's opinion that plaintiff's mental impairments were non-severe "[b]ased on plaintiff's testimony and evidence received subsequent to the hearing[.]"  (Op. at 10, ECF No. 7-2, PageID.62).  The ALJ found that plaintiff had severe mental impairments.  (*Id.* at 3, PageID.55).

Plaintiff argues that the ALJ "impermissibly acted as his own expert when he found Plaintiff had moderate limitations in concentration, persistence or pace, yet

failed to properly apply any limitations related to this finding in the adopted RFC."
(Plf. Brief at 14, ECF No. 11, PageID.767). Although it is well established that an
ALJ may not substitute his medical judgment for that of the plaintiff's physicians,
considering the weight to be given medical evidence and other evidence, such as
plaintiff's hearing testimony, in determining her RFC is not "playing doctor." S*ee
Gibbens v. Commissioner*, 659 F. App'x. 238, 246 (6th Cir. 2016).

Further, plaintiff conflates the ALJ's factual findings at distinct stages of the
sequential analysis. The administrative finding whether a claimant meets or equals
a listed impairment is made at step 3 of the sequential analysis. *See* 20 C.F.R.
§§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). Step-3 regulates a "narrow category of
adjudicatory conduct." *Combs v. Commissioner*, 459 F.3d 640, 649 (6th Cir. 2006) (*en
banc* ). It "governs the organization and evaluation of proof of listed impairments
that, if supported, renders entitlement to benefits a foregone conclusion." *Id.*

It is well established that a claimant has the burden of demonstrating that she
satisfies all the individual requirements of a listing. *See Elam*, 348 F.3d at 125. By
contrast, the administrative finding of a claimant's RFC is made between steps 3 and
4 of the sequential analysis, and it is applied at steps 4 and 5. *See* 20 C.F.R.
§§ 404.1520(a)(4), 416.920(a)(4) ("Before we go from step three to step four, we assess
your residual functional capacity. We use the residual functional capacity
assessment at both step four and step five when we evaluate your claim at these
steps.").

The ALJ determined at step 3 of the sequential analysis that plaintiff's

impairments did not meet or equal the requirements of any listed impairment. (Op. at 4-6, ECF No. 7-2, PageID.56-58). Plaintiffs mental impairments did not come close to satisfying the demanding paragraph B severity requirements of listings 12.04 and 12.06.

Plaintiff is not challenging the ALJ's step-3 determination. Rather, she is attempting to take a portion of the ALJ's finding with regard to the paragraph B criteria at step 3 out of context and substitute it for the ALJ's factual finding that she retained the RFC for "simple, routine tasks that could be learned after a short demonstration or within 30 days." (Op. at 6, ECF No. 7-2, PageID.58). The paragraph B criteria used at steps 2 and 3 of the sequential analysis "are not an RFC assessment." *Policy Interpretation Ruling Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims*, SSR 96-8p (reprinted at 1996 WL 374184, at *4 (SSA July 2, 1996)); *see Dewey v. Commissioner*, No. 1:16-cv-395, 2017 WL 343627, at *3 (W.D. Mich. Jan. 24, 2017) ("Plaintiff fails to recognize that the ALJ's assessment of disorders at steps two and three are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process.") "The mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorder listings in 12.00 or the Listings of Impairments." SSR 96-8p, 1996 WL 374184, at *4; *see Palmer v. Commissioner*, No. 1:16-cv-660, 2017 WL 2129689, at *3-4 (W.D. Mich. May 17, 2017) (collecting cases). The ALJ's step-3

findings do not undermine his finding that plaintiff retained the RFC for simple, routine tasks that could be learned after a short demonstration or within thirty days.

Plaintiff bears the ultimate burden of producing sufficient evidence to show that she is disabled. *See Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993); *see also Montecalvo v. Commissioner*, 695 F. App'x 124, 127 (6th Cir. 2017) (The plaintiff's burden "includes supplying medical evidence that substantiates the claim of disability."). An argument that "the ALJ's RFC [finding] lacks substantial evidence because no physician opined that [plaintiff] was capable of [such] work" does not provide a basis for disturbing the Commissioner's decision. *Shepard v. Commissioner*, 705 F. App'x 435, 442-43 (6th Cir. 2017). "The ALJ is charged with the responsibility of determining the RFC based on her evaluation of the medical and non-medical evidence." *Rudd v. Commissioner*, 531 F. App'x 719, 728 (6th Cir. 2013).

"[T]o require the ALJ to base her RFC on a physician's opinion, would, in effect, confer upon the treating source the authority to make the determination or decision about whether an individual is under a disability.'" *Shepard v. Commissioner*, 705 F. App'x at 442-43 (quoting *Rudd*, 531 F. App'x.at 728). The ALJ did not improperly substitute his "own medical judgment" for that of any medical expert or interpret raw medical data beyond her ability by making a RFC determination. *See Rudd*, 531 F. App'x at 726-27.

The ALJ gave an adequate explanation and his findings regarding plaintiff's RFC are supported by substantial evidence.

**2.**

Plaintiff's second claim of error is that the ALJ improperly assessed the factors listed in 20 C.F.R. § 404.1529(c)(3).  (Plf. Brief at 14-20, ECF No. 11, PageID.767-73; Reply Brief at 4-5, ECF No. 15, PageID.805-06).  Plaintiff argues that the ALJ erroneously found that her statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely credible.  (Plf. Brief at 15, ECF No. 11, PageID.768).  Credibility determinations concerning a claimant's subjective complaints are peculiarly within the province of the ALJ.  *See Gooch v. Secretary of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987).  The Court does not make its own credibility determinations.  *See Walters v. Commissioner*, 127 F.3d at 528.  The Court's "review of a decision of the Commissioner of Social Security, made through an administrative law judge, is extremely circumscribed[.]"  *Kuhn v. Commissioner*, 124 F. App'x 943, 945 (6th Cir. 2005).  The Commissioner's determination regarding the credibility of a claimant's subjective complaints is reviewed under the "substantial evidence" standard.  This is a "highly deferential standard of review."  *Ulman v. Commissioner*, 693 F.3d 709, 714 (6th Cir. 2012).  "Claimants challenging the ALJ's credibility determination face an uphill battle."  *Daniels v. Commissioner*, 152 F. App'x 485, 488 (6th Cir. 2005); *see Ritchie v. Commissioner*, 540 F. App'x 508, 511 (6th Cir. 2013) ("We have held that an administrative law judge's credibility findings are 'virtually unchallengeable.' ").  "Upon review, [the court must] accord to the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which [the

court] d[oes] not, of observing a witness's demeanor while testifying." *Jones*, 336 F.3d at 476. "The ALJ's findings as to a claimant's credibility are entitled to deference, because of the ALJ's unique opportunity to observe the claimant and judge h[is] subjective complaints." *Buxton v. Halter*, 246 F.3d at 773; *accord White v. Commissioner*, 572 F.3d 272, 287 (6th Cir. 2009); *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993).

The Sixth Circuit recognizes that meaningful appellate review requires more than a blanket assertion by an ALJ that "the claimant is not believable." *Rogers v. Commissioner*, 486 F.3d 234, 248 (6th Cir. 2007). The *Rogers* court observed that Social Security Ruling 96-7p requires that the ALJ explain his credibility determination and that the explanation "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Rogers*, 486 F.3d at 248. The ALJ provided an accurate summary of plaintiff's hearing testimony regarding the mental and physical impairments that she believed prevented her from working. (Op. at 6-7, ECF No. 7-2, PageID.58-59; *see also* ECF No. 7-2, PageID.80-105). The ALJ gave a lengthy and detailed explanation of his factual finding regarding plaintiff's credibility. (Op. at 6-11, ECF No. 7-2, PageID.58-63).

Plaintiff argues that the ALJ mischaracterized the record by finding that plaintiff's treatment was relatively conservative in nature and that her treatment has generally consisted of medications, which have been relatively effective in controlling her symptoms. (Plf. Brief at 15-17, ECF No. 11, PageID.768-70).

Arguments that the ALJ mischaracterized or "cherry picked" the administrative record are frequently made and seldom successful, because "the same process can be described more neutrally as weighing the evidence." *White v. Commissioner*, 572 F.3d 272, 284 (6th Cir. 2009).  The narrow scope of judicial review of the Commissioner's final administrative decision does not include re-weighing evidence.  *See Ulman v. Commissioner*, 693 F.3d at 713 (6th Cir. 2012); *see also Reynolds v. Commissioner*, 424 F. App'x 411, 414 (6th Cir. 2011) ("This court reviews the entire administrative record, but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ.").  The ALJ's opinion did not mischaracterize this record.

Plaintiff claims error in the ALJ's consideration of the work that plaintiff performed after her alleged onset of disability in making his credibility determination. (Plf. Brief at 17-19, ECF No. 11, PageID.770-72). "Plaintiff's attempts to work after her alleged onset date, even if the work does not rise to the level of substantial gainful activity, is an appropriate factor to consider." *McCarter v. Berryhill*, No. 3:16-cv-385, 2018 WL 327765, at *6 (E.D. Tenn. Jan. 8, 2018); *see King v. Berryhill*, No. 3:13-0451, 2017 WL 1153961, at *10-11 (M.D. Tenn. Mar. 28, 2017) (collecting cases).  It was evidence on which the ALJ could reasonably find that plaintiff's "impairments were not as limiting as she alleged." *McCarter*, 2018 WL 327765, at *6; *see* 20 C.F.R. §§ 404.1571, 416.971 ("Even if the work you have done was not substantial gainful activity, it may show that you are able to do more work than you actually did.").

Plaintiff also criticizes the ALJ's consideration of plaintiff's daily activities. (Plf. Brief at 19, ECF No. 11, PageID.772).  It was appropriate for the ALJ to take plaintiff's daily activities into account in making his credibility determination.  *See Cruse v. Commissioner*, 502 F.3d 532, 542 (6th Cir. 2007); *Blacha v. Secretary of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990).  "[T]he ALJ did not equate Plaintiff's ability to engage in these activities with the ability to perform full time work, but rather found them inconsistent with the severity of [her] allegations.  It was entirely appropriate for the ALJ to do so." *Sanborn v. Commissioner*, 1:16-cv-41, 2016 WL 5859054, at *5 (W.D. Mich. Oct. 7, 2016).

On the last page of her brief, plaintiff makes a passing reference to SSR 16-3p. (Plaintiff's Brief at 20, ECF No. 11, PageID.773).  SSR 16-3p does not provide a basis for disturbing the Commissioner's decision.   The ALJ entered his decision on November 10, 2015.  SSR 16-3p did not go into effect until March 28, 2016. *See Social Security Ruling 16-3p Titles II and XVI:  Evaluation of Symptoms in Disability Claims*, (reprinted at 2017 WL 5180304, at *13 n.27 (SSA Oct. 25, 2017)).

The ALJ gave a sufficient explanation of his factual finding regarding plaintiff's credibility, and that finding is supported by substantial evidence.

### Recommended Disposition

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.

Dated:   February 26, 2018          /s/  Phillip J. Green
                                   PHILLIP J. GREEN
                                   United States Magistrate Judge

## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).